## 9982

### STATE v. JORDAN *ET AL.*

#### (96 S. E. 22.)

HOMICIDE — MISLEADING INSTRUCTIONS — SELF-DEFENSE—RETREAT.—In a prosecution for assault with intent to kill, the instruction, on self-defense, that "if you are not on your own premises and are assaulted * * * you must run, if by running you will not probably increase your danger;" that "when a man is on his own premises, he does not have to flee," but "may stand his ground," and that if defendants were on their own land, they did not have to run, was misleading, since the words "retreat" and "retreating" were those proper to be employed, not meaning the same as "run" and "running."

Before PRINCE, J., Kershaw, Fall term, 1917.   Reversed.

Joel Jordan and others were convicted of assault and battery with intent to kill, and they appeal.

*Mr. E. D. Blakeney,* for appellant.

*Mr. Solicitor Cobb,* for State-respondent.

June 24, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendants-appellants were tried before his Honor. Judge Prince, and a jury, at the November term, 1917, of General Sessions for Kershaw county, charged with assault and battery of a high and aggravated nature, with intent to kill. The defendants were convicted, with recommendation to mercy, and duly sentenced. After sentence they appealed, and by two exceptions seek reversal.

The exceptions are: (1) That his Honor erred in charging the jury as follows: "But when a man is on his own premises the law does not enforce that obligation on him." "If you are not on your own premises, and are assaulted by

an adversary, you have the right—if you are not on your own premises you must run, if by running you will not probably increase your danger."    "You must avoid it if you can with reasonable safety to yourself, but when a man is on his premises he does not have to flee; he may stand his ground." "So in this case, if you find that the defendants were on their land, then they did not have to run"—the error consisting in the use of the words "run" and "running," whereas, his Honor should have used the words "retreat" and "retreating," for that the use of the words "run" and "running" convey a meaning different from the words "retreat" and "retreating;" the latter expressions being well recognized as the proper legal phrases.    (2) That by the use of the words "run" and "running," instead of the words "retreat" and "retreating," the jury were misled by his Honor as to the defendant's rights under the circumstances.

The exceptions must be sustained. The charge was misleading to the jury, who act upon the law as defined by the trial Judge. There can be no doubt that the word "run" is accepted as being entirely different in meaning from the word "retreat," when applied to the required conduct of one claiming to act in self-defense. In the case of *State v. Thomas,* 103 S. C. 321, 88 S. E. 20, Justice Fraser says:

"One accused of homicide need not satisfy the jury that he had no way of escape except to kill deceased, but only that no other way of escape would have appeared to a man of ordinary prudence and firmness."

Judgment reversed, and new trial granted.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY *dissenting.* When the charge is considered in its entirety, so much thereof as is quoted in the exceptions was not prejudicial error.

I, therefore, dissent.